Scott Alan Burroughs, Esq. (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Frank R. Trechsel (SBN 312199)
ftrechsel@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES HWANG, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>TEST RITE PRODUCTS CORPORATION, a California corporation; O REILLY AUTOMOTIVE, INC., a Missouri corporation, and DOES 1-10,<br><br>Defendants. | Case No.:<br><br>PLAINTIFF'S COMPLAINT FOR:<br><br>1. PATENT INFRINGEMENT<br><br>Jury Trial Demanded |

Plaintiff, CHARLES HWANG ("HWANG" or "Plaintiff"), by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## INTRODUCTION

Plaintiff invented and owns the patent in a portable modular power station. Plaintiff's business is predicated in part on his extensive research and development of new and innovative products. One such critical innovation was Plaintiff's invention of portable power station including a current, light, and voltage sources as well as a control panel to permit a user to selectively operate the current and light sources – an invention for which Plaintiff holds a United States patent. At all relevant times, Plaintiff's invention was affixed with Plaintiff's corresponding United States patent number. The defendants in this case have developed, created, imported, purchased, and/or sold without permission product infringing Plaintiff's proprietary patented invention.

## JURISDICTION AND VENUE

1. This action arises under the Patent Act, Title 35 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff CHARLES HWANG is an individual residing in Gardena, California.

5. Plaintiff is informed and believes and thereon alleges that Defendant TEST RITE PRODUCTS CORPORATION, ("Test Rite") is a corporation organized and existing under the laws of the State of California with its principal place of business

located in Ontario, California, and is doing business in and with the State of California.

6. Plaintiff is informed and believes and thereon alleges that Defendant O REILLY AUTOMOTIVE INC., ("O Reilly") is a corporation organized and existing under the laws of the State of Missouri with its principal place of business located in Springfield, Missouri, and is doing business in and with the State of California.

7. Plaintiff is informed and believes and thereon alleges that Defendants DOES 1-10, inclusive, are manufacturers and/or vendors (and/or agents or employees to a manufacturer or vendor) of power tools and products, which DOE Defendants have manufactured and/or supplied and are manufacturing and/or supplying power tools and other products infringing Plaintiff's patent (as hereinafter defined) without Plaintiff's knowledge or consent or have contributed to said infringement, or other currently unknown retail or wholesale customers of the named defendants. Plaintiff will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

8. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

///

///

## CLAIMS RELATED TO U.S. PATENT NO. 9,407,102 B2

9. On August 2, 2016, U.S. Patent No. 9,407,102 B2 entitled "PORTABLE MODULAR POWER STATION" ("the '102 patent"), was duly and legally issued to inventor HWANG. A true copy of the '102 patent is attached hereto as **Exhibit A**.

10. HWANG is the sole owner of the '102 patent with full and exclusive right to bring suit to enforce the '102 patent.

11. The '102 patent generally relates to the construction of the portable modular power station, its accessories, controls, and housing. Exemplary Figs. 1-2 from the patent are reproduced below.





12. On information and belief, the Defendants have been and are infringing, contributing to infringement, and/or inducing others to infringe the '102 patent by making, offering for sale, selling or importing power products that infringe the '102 patent. Defendants are sophisticated entities in the power tools and accessories and retail industries and are uniquely aware of the existence of patents associated with power related products. Despite this, Defendants recklessly manufactured and utilized distinct portable power stations, which they either knew or should have known to be illegally made using Plaintiff's patented invention.

13. In fact, Defendant's infringing product, sold under the "Super Start" brand ("Infringing Product") states on its packaging that it uses HWANG's '102 patent. A true and correct image of a portion of the Infringing Product's packaging is below with the '102 patent identified and referenced.



14. Defendants, with knowledge of the infringing nature of the portable power station, packaged, ordered, manufactured, sold and distributed the infringing products to their customers with the specific intention of encouraging the further manufacture, sale, and distribution of the infringing product and the infringement of the '102 patent inherent therein. Defendants' acts of infringement have occurred within this district and elsewhere throughout the United States and Canada.

15. HWANG received royalties for the use of his patent from December 2013 until February 2019. In February 2019, royalty payments ceased and Defendants began using the '102 patent without permission and with knowledge that they did not own or otherwise have the right to use the patent in their product.

16. On November 15, 2021, HWANG sent a cease and desist letter to Defendant Test Rite requesting payment of past due royalties and future royalties. Defendants paid neither and continued to sell the Infringing Product.

17. On information and belief, the Defendants have willfully infringed the '102 patents by continuing their acts of infringement after being on notice of the patent.

## FIRST CLAIM FOR RELIEF

(For Patent Infringement - Against All Defendants)

18. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

19. In violation of 35 U.S.C. §271, Defendants have infringed and are continuing to infringe, literally and/or under the doctrine of equivalents, the '102 patent by making, using, importing, offering for sale, and/or selling power related products that infringe the '102 patent, and/or by inducing or contributing to the infringement of the '102 patent by others.

20. Defendants have direct knowledge of the '102 patent and Plaintiff's ownership by virtue of their past royalty payments to Plaintiff, and the appearance of

the '102 patent on the Infringing Product's packaging. Plaintiff further directly advised Defendants in in November 2021 that its products violate Plaintiff's rights in the '102 patent and that past royalties were owed. As such, Defendants, and each of them, had constructive notice through Plaintiff's Federal patent registration, and Plaintiff's direct cease and desist correspondence of Plaintiff's patent rights. Defendants', and each of their, exploitation of the patented material with such notice constitutes willful infringement.

Plaintiff has been damaged by the Defendants' infringement, and Defendants will continue their infringing activity and Plaintiff will continue to be damaged.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

## Against All Defendants

a. That Defendants, their agents and employees, all parent and subsidiary corporations, all assignees and successors in interest, and those persons in active participation with Defendants, be enjoined from infringing Plaintiff's '102 patent in any manner;

b. an award of damages under 35 U.S.C. § 287 for Defendants' infringements of Plaintiff's '102 patent;

c. a trebling of damages pursuant to 35 U.S.C. § 284;

d. an award of attorney fees pursuant to 35 U.S.C. § 285;

e. That Plaintiff be awarded pre-judgment interest as allowed by law;

f. That Plaintiff be awarded the costs of this action; and

g. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

///

7
COMPLAINT

A <u>TRIAL BY JURY</u> PURSUANT TO FED. R. CIV. P. 38 AND CONSTITUTIONAL AMENDMENT SEVEN IS HEREBY DEMANDED.

Respectfully submitted,

Dated: February 23, 2022     By:    /s/ *Scott Alan Burroughs*
Scott Alan Burroughs, Esq.
Trevor W. Barrett, Esq.
Frank R. Trechsel, Esq.
DONIGER / BURROUGHS
Attorneys for Plaintiff