Scott Alan Burroughs (SBN 235718)
  scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
  tbarrett@donigerlawfirm.com
Frank R. Treschel (SBN 312199)
  ftrechsel@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, CA 90291
Telephone: (310) 590-1820

*Attorneys for Charles Hwang*

Michael S. Horikawa (SBN 267014)
  michael.horikawa@pillsburylaw.com
Pillsbury Winthrop Shaw Pittman LLP
725 South Figueroa Street, 36th Floor
Los Angeles, CA 90017-5524
Telephone: 213.488.7100

Christopher Kao (SBN 237716)
  christopher.kao@pillsburylaw.com
David J. Tsai (SBN 244479)
  david.tsai@pillsburylaw.com
Surui Qu (SBN 332105)
  surui.qu@pillsburylaw.com
Pillsbury Winthrop Shaw Pittman LLP
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111-5998
Telephone: 415.983.1000

*Attorneys for Test Rite Products Corporation, O'Reilly Automotive, Inc., and Ningbo Ruihua Electronics Plastics Co.. Ltd.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHARLES HWANG, an individual,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>TEST RITE PRODUCTS CORPORATION, et al.,<br><br>　　　　　　Defendants.<br><br>NINGBO RUIHUA ELECTRONICS PLASTICS CO., LTD.,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CHARLES HWANG, et al.,<br><br>　　　　　　Defendants. | Case No. 22-cv-01259 JWH-SHK<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Judge: Honorable John W. Holcomb |

## I. INTRODUCTION

### A. Purposes and Limitations

Discovery in this action is likely to involve production of confidential, proprietary, trade secret, commercially sensitive, or otherwise private information for which special protection from public disclosure and from use for any purpose other than pursuing this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section XIII.4. below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

### B. Good Cause Statement

This action is likely to involve trade secrets and other valuable research, development, commercial, financial, technical, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, diagrams, part specifications and dimensions, manufacturing processes, commercially sensitive business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over

confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## II.      DEFINITIONS

1.      Action: This consolidated litigation of the above-captioned cases in the matter captioned as Case No. 2:22-cv-02108-JWH-SHK in the United States District Court for the Central District of California.

2.      Challenging Party: A Party or Non-Party that challenges the designation of information or items under this Order.

3.      "CONFIDENTIAL" Information or Items: Information (regardless of how it is generated, stored or maintained) or tangible things that contain non-public, confidential, or proprietary information which the disclosing party does not make public in the ordinary course of its conduct, and the unrestricted disclosure of which could be potentially prejudicial to the business or operation of the Designating Party as specified above in the Good Cause Statement.

4.      Counsel: Outside Counsel of Record and In-House Counsel (as well as their support staff).

5.      Designating Party: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

6.      Disclosure or Discovery Material: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among

other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this Action.

7. <u>Expert</u>: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

8. <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: Information (regardless of how it is generated, stored or maintained) or tangible things that contain non-public, confidential, or proprietary information of a commercially sensitive nature, including, without limitation, trade secret or other confidential research, development, financial, or other highly sensitive commercial or business information and/or items, the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. Information or Items so designated may be viewed by only Outside Counsel of Record and In-House Counsel, subject to the restrictions set forth herein.

9. <u>In-House Counsel</u>: Attorneys who are employees of a Party to this Action or a parent entity of a Party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

10. <u>Non-Party</u>: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

11. <u>Outside Counsel of Record</u>: Attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action on behalf of that Party in this Action or are affiliated with a law firm which has appeared on behalf of that Party, and includes support staff.

12. <u>Party</u>: Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

13. <u>Producing Party</u>: A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

14. <u>Professional Vendors</u>: Persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

15. <u>Protected Material</u>: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

16. <u>Receiving Party</u>: A Party that receives Disclosure or Discovery Material from a Producing Party.

**III.  SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming a part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.  This Order does not govern the use of Protected Material at trial.

### IV. DURATION

Even after final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

### V. DESIGNATING PROTECTIVE MATERIAL

1. <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify—so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Receiving Parties that it is withdrawing the inapplicable designation.

2. <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (*see, e.g.*, second paragraph of <u>Section V.2.a.</u> below), or as otherwise stipulated

1  or ordered, Disclosure or Discovery Material that qualifies for protection under this
2  Order must be clearly so designated.  It is the duty of the Designating Party to give
3  notice of the confidentiality designation pursuant to this Order, which must be done,
4  wherever possible, before the material is disclosed or produced. The duty of the
5  Receiving Party and of all other persons bound by this Order to maintain the
6  confidentiality of the Protected Material shall commence with receipt of the
7  designation. Designation in conformity with this Order requires:

8        a.   <u>For information in documentary form</u> (*e.g.*, paper or electronic
9  documents, but excluding transcripts of depositions or other pretrial or trial
10 proceedings) at a minimum, that the Producing Party affix the legend
11 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"
12 to each page that contains protected material.

13       A Party or Non-Party that makes original documents available for
14 inspection need not designate them for protection until after the inspecting Party has
15 indicated which documents it would like copied and produced.  During the inspection
16 and before the designation, all of the material made available for inspection shall be
17 deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the
18 inspecting Party has identified the documents it wants copied and produced, the
19 Producing Party must determine which documents, or portions thereof, qualify for
20 protection under this Order.  Then, before producing the specified documents, the
21 Producing Party must affix the appropriate lend ("CONFIDENTIAL" or "HIGHLY
22 CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains
23 Protected Material.

24       b.   <u>For testimony given in deposition or in other pretrial or trial</u>
25 <u>proceedings</u>, that the Designating Party identify on the record, before the close of the
26 deposition, hearing or other proceeding, all protected testimony and specify the level of
27 protection being asserted.  When it is impractical to identify separately each portion of
28 testimony that is entitled to protection and it appears that substantial portions of the

testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing or other proceeding is concluded) a right to have up to twenty-one (21) days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the twenty-one (21) days shall be covered by the provisions of this Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other Parties can ensure that only authorized individuals who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

|     |     |
| --- | --- |
| 1   | c. <u>For information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted. |

3. <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Any correction to a designation and notice of that correction shall be made in writing, accompanied by substitute copies of each item of Protected Material, properly marked as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," in accordance with <u>Section V.2.</u> of this Order. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## VI. CHALLENGING CONFIDENTIALITY DESIGNATIONS

1. <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

2. <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 *et seq*.

3. <u>Burden of Persuasion</u>. Any challenge submitted to the Court shall be via a joint stipulation pursuant to Local Rule 37-2. The burden of persuasion in any such

Stipulated Protective Order       8       Case No. 22-cv-01259 JWH-SHK

4866-7275-9857

challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing party's designation until the Court rules on the challenge.

**VII.   ACCESS TO AND USE OF PROTECTED MATERIAL**

1. <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. Every person to whom Protected Material is to be disclosed, summarized, described or otherwise communicated in whole or in part, shall first be advised that the Protected Material is being disclosed pursuant and subject to the terms of this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of <u>Section XIV</u> below. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. For purposes of this Order, a secure website, or other internet-based document repository with adequate security and access limited to persons authorized under this Order, shall be deemed a secure location.

2. <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

   a. The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

   b. The officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

   c. Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

   d. The Court and its personnel;

   e. Court reporters and their staff;

   f. Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

   g. The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

   h. During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material, or which have otherwise been designated as Protected Material, must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

   i. Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

  3. <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

     a.     The Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

     b.     The Receiving Party's In-House Counsel who (1) has supervisory responsibility for this Action; (2) has no involvement in competitive decision-making; (3) to whom disclosure is reasonably necessary for this Action; and (4) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).  The In-House Counsel for a Receiving Party may not (a) discuss or disclose the contents of the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or item with or to other employees or third parties and/or (b) use the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or item for any purpose other than in connection with the prosecution or defense of the Action;

     c.     Experts (as defined in this Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this Action, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and (3) as to whom the procedures set forth in <u>Section VII.4.</u>, below, have been followed;

     d.     The Court and its personnel;

     e.     Court reporters and their staff;

     f.     Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

     g.     The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

     h.     During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material, or which have

otherwise been designated as Protected Material, must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

   i. Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

  4. <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Experts</u>.

   a. Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to Section VII.3.c. must first provide notice to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer(s), (4) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[1] and (5) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

   b. A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the Expert unless, within 14 days of delivering the request, the Party receives a written

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

1  objection from the Designating Party.  Any such objection must set forth in detail the
2  grounds on which it is based.

3        c.    A timely written objection shall be resolved in a process under Local
4  Rule 37-1 *et seq*.  A Party that receives a timely written objection must meet and confer
5  with the Designating Party (through direct voice to voice dialogue) pursuant to Local
6  Rule 37-1.  If no agreement is reached, the Party seeking to make the disclosure to the
7  Expert and the Designating Party shall formulate a joint stipulation pursuant to Local
8  Rule 37-2.  The Party opposing disclosure to the Expert shall bear the burden of proving
9  that the risk of harm that the disclosure would entail (under the safeguards proposed)
10 outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

11 **VIII.  PROSECUTION BAR**

12       Absent written consent from the Producing Party, any individual who actually
13 receives access to and reviews "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
14 ONLY" information of a technical nature shall not be involved in the prosecution of
15 patents or patent applications relating to that subject matter, including without limitation
16 the patents-at-issue in this action and any patent or application claiming priority to or
17 otherwise related to the patents-at-issue in this action, before any foreign or domestic
18 agency, including the United States Patent and Trademark Office ("the Patent Office").
19 For purposes of this paragraph, "prosecution" includes directly or indirectly drafting,
20 amending, advising, approving, or otherwise affecting the scope or maintenance of
21 patent claims.  To avoid any doubt, "prosecution" as used in this paragraph does not
22 include representing a party challenging a patent before a domestic or foreign agency
23 (including, but not limited to, a reissue protest, post-grant reviews such as inter partes
24 review, *ex parte* reexamination or *inter partes* reexamination).  This Prosecution Bar
25 shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
26 ONLY" information is first actually received and reviewed by the affected individual
27 and shall end two (2) years after final termination of this Action.  This prosecution bar
28 is limited to an individual that actually receives and reviews "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY" information of a technical nature and does not otherwise flow to or affect that individual's law firm.

## IX. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

1. If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

   a. Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

   b. Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Order; and

   c. Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[2]

2. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court or administrative form.

---

[2] The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in this Action an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

## X. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS ACTION

1. The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

2. In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

   a. Promptly notify in writing the requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

   b. Promptly provide the Non-Party with a copy of the Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

   c. Make the information requested available for inspection by the Non-Party, if requested.

3. If the Non-Party fails to seek a protective order from this Court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## XI. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (1) notify in writing the Designating Party of the unauthorized disclosures; (2) use its best efforts to retrieve all unauthorized copies of the Protected Material; (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (4) Request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

## XII. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the Court.

## XIII. MISCELLANEOUS

1. <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

2. <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party

waives any right to object on any ground to use in evidence of any of the material covered by this Order.

3. <u>Export Control</u>. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

4. <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

## XIV. FINAL DISPOSITION

Within sixty (60) days after the final disposition of this Action, as defined in <u>Section IV</u>, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence,

deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section IV.

**XV. ENFORCEMENT**

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated:  September 22, 2022

DONIGER / BURROUGHS

*/s/ FrankR. Treschel*
*Attorneys for Charles Hwang*

Dated:  September 22, 2022

PILLSBURY WINTHROP SHAW PITTMAN LLP

*/s/ David J. Tsai*
*Attorneys for Test Rite Products Corporation, O'Reilly Automotive, Inc., and Ningbo Ruihua Electronics Plastics Co., Ltd.*

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED**.

Dated:  09/26/2022,

Honorable Shashi H. Kewalramani
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], employed as _____ [print or type title] by _____ [print or type company name], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California in the litigation captioned as Case No. 2:22-cv-02108-JWH-SHK, and have received a copy of it.  I agree to comply with and to be bound by all the terms of this Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt, and to damages to the Designating Party.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____